UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

D-1 Nadeem Iqbal, R.Ph.,

        Defendant.

_____/

Case No. 5: 15-cr-20645
Hon. Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

Upon the stipulation of the Parties being filed with the Court, and the Court being otherwise fully advised in all the premises:

IT IS HEREBY ORDERED THAT:

1. Following the sentencing, the United States will remove $322,020.58 from JP Morgan Chase Strategic Portfolio Investment Account #XXX-X3960 and SHALL NOT FORFEIT any remaining funds in the same account.

2. The $322,020.58 to be withdrawn from JP Morgan Chase Strategic Portfolio Investment Account #XXX-X3960, in addition to the Chase Bank cashier's check payable to the U.S. Department of Treasury in the amount of $1,100,000.00 (together, the Subject Property) SHALL BE FORFEITED to the United States of America pursuant to 18 U.S.C. §§

981(a)(1)(C), 982(a)(1), 982(a)(7), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) for disposition in accordance with the law; and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

3. Following the withdrawal of $322,020.58 from JP Morgan Chase Strategic Portfolio Investment Account #XXX-X3960, the United States will terminate its seizure warrant on the same account.

4. The United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of the Subject Property, to seize any forfeitable assets identified herein which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

5. Upon entry of the Preliminary Order of Forfeiture, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice

shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must identify petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to Defendant immediately upon being entered by the Court. If no third party files a timely claim, the Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Defendant Nadeem Iqbal releases, remises and discharges Plaintiff, the United States of America, and any of its agencies involved in this matter,

including but not limited to the Internal Revenue Service, the United States Attorney's Office, their agents and/or supervisors, and state and local law enforcement officers and their agents, officers and employees, past and present, from all claims or causes of action which Defendant Nadeem Iqbal and/or his agents, officers, employees, assignees and/or successors in interest have, may have had or may have, on account of the events or circumstances giving rise to the above-captioned action. Defendant shall hold the United States of America, and any of its agencies involved in this matter, their agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property in this matter.

8. The Court shall retain jurisdiction to enforce the Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

    IT IS SO ORDERED.

Dated May 4, 2017

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 11, 2017, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (810) 292-6522