UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 15-20645

NADEEM IQBAL,

    Defendant.
                                       /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Pending before the court is Defendant Nadeem Iqbal's "Motion to Terminate Probation," seeking early termination of supervised release. (ECF No. 38.) The government has filed a response, opposing Defendant's motion. (ECF No.41.) For the reasons stated below, the court does not find that early termination is warranted at this time and will deny Defendant's motion without prejudice.

**I.   BACKGROUND**

On November 28, 2016, Defendant pleaded guilty to health care fraud conspiracy (18 U.S.C. §§ 1349, 1347), conspiracy to distribute controlled substances II (21 U.S.C. §§ 646, 841(a)(1)), and money laundering (18 U.S.C. § 1957(a)). (ECF No. 28.) He was sentenced to 52 months incarceration followed by a mandatory three-year term of supervised release. (ECF No. 33, PageID.228-29.) Defendant was released from prison on May 9, 2021. At this time, Defendant has served only 15 months – less than half of his term of supervised release.

## II.  STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1).  In determining whether a termination is warranted, the court considers the following factors:

1. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

2. The need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

3. The need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C);

4. The need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D);

5. The kinds of sentence and sentencing range established by United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant, 18 U.S.C. § 3553(a)(4);

6. Any applicable policy statement issued by the United States Sentencing Commission, 18 U.S.C. § 3553(a)(5);

7. "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); and

8. "[T]he need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).

See 18 U.S.C § 3583(e) (1) (directing the court to "consider[] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). Nonetheless, "a court considering whether to terminate an individual's term of supervised release before the expiration of the term need not recite any 'magic words.'" *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)

### III. DISCUSSION

In his motion, Defendant advances several circumstances that he believes warrant an early termination of his supervised release. (ECF No. 38.) First, he expresses his remorse for the past wrongdoings and manifests his desires to better himself for his family. (*Id.*, PageID.250.) Second, he cites his volunteerism record and refers to others' endorsements of his character (*Id.*) Third, he cites his continued compliance with the terms of his supervision, including making on-time restitution payments. (*Id.*, PageID.251.) Fourth, he describes his desire to return to school for media and communication art and the potential of international travel that may be required for his work. (*Id.*)

The government opposes Defendant's request, arguing that the serious nature and circumstances of Defendant's offenses do not warrant early termination of supervised release, which, by law, is a minimum three-year term. (ECF No. 260, PageID.259-60.) The government also points to the fact that Defendant has not yet completed his restitution payments and alludes to the increased difficulty with collection once supervised release ends. (*Id.*, PageID.260.) The government agrees that

Defendant has not committed any supervised release violations, but takes the position that the deterrence effect has not yet fully kicked in with the short amount of time Defendant has served on supervised release. (*Id.*, PageID.260-61.)

After carefully considering Defendant's motion under the standard set forth in § 3583(e)(1) and the factors listed in § 3553(a), the court is not persuaded that early termination is appropriate at this time. First, the nature of Defendant's offense is serious.  As a pharmacist, he placed hundreds of thousands dosage units of dangerous prescription drugs into the illegal street market, while enriching himself by defrauding over $1.6 million from the Medicare insurance programs. The gravity of Defendant's crimes is also reflected by the legal requirement that a minimum three-year term of supervised release is imposed for his drug offense. 21 U.S.C. § 841(b)(1)(C); *see United States v. Spinelle,* 835 F. Supp. 987, 991 (E.D. Mich. 1993), *aff'd,* 41 F.3d 1056 (6th Cir. 1994) ("When Congress distinguishes between mandatory and discretionary terms of supervised release …, it does so explicitly."); *United States v. Mulay,* 537 F. Supp. 3d 1269, 1273 (D.N.M. 2021) (saying that the mandatory term of supervised release "reflects a congressional judgment that defendants who commit certain drug offenses should serve at least a certain term of supervised release.") (citation omitted). Early termination of Defendant's term of supervised release before he has completed even half of his term of supervised release does not reflect the serious nature of the offenses; instead, it would minimize the total sentence imposed by the court, disserve the purpose of protecting the public, and fail to afford adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

The court also considers the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Here, the court finds that continued monitoring will aid Defendant's rehabilitative efforts and will not impose any undue hardship on Defendant's pursuit of his educational or professional aspirations.

Further, the term of supervised release in this matter is supported by the sentencing guidelines and the public policy consideration underlying the purpose of supervised release. Shortening the term by more than half would defeat the range of sentences established for the offenses Defendant committed and undermine the need to avoid unwarranted sentence disparities between Defendant and others with similar records who engaged in similar conduct. 18 U.S.C. §3553(a)(4)-(7). On top of that, there is still a need for restitution. 18 U.S.C. §3553(a)(8).

The court commends Defendant for the progress he has made since his release. However, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not [by itself] warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

5

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion for early termination of supervise release (ECF No. 38) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland      /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner   /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

Z:\Cleland\NTH\Criminal\15-20645.IQBAL.TerminateSupervisedRelease.NTH.docx