UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 15-cr-20645

NADEEM IQBAL,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On November 28, 2016, Defendant Nadeem Iqbal pled guilty to health care fraud conspiracy, 18 U.S.C. §§ 1349, 1347, conspiracy to distribute controlled substances II, 21 U.S.C. §§ 646, 841(a)(1), and money laundering, 18 U.S.C. § 1957(a). (ECF No. 28.) On May 4, 2017, Defendant was sentenced to a 52-month term of incarceration and a mandatory, three-year term of supervised release. (ECF No. 33, PageID.228–29.) Defendant was further ordered to pay $1,619,481.67 in restitution, the bulk of which has since been paid by forfeiture. (Id. at PageID.232; *see* ECF Nos. 36, 37.) On May 9, 2021, Defendant was released from prison and began serving his term of supervised release. After just over one year on supervision, on May 23, 2022, Defendant filed a *pro se* "Declaration in Support of Motion to Terminate Probation." (ECF No. 38.) On August 24, 2022, the court denied Defendant's motion without prejudice. (ECF No. 42.)

Now pending before the court is Defendant's second "Motion for Early Termination of Supervised Release," filed on November 23, 2022 via counsel—a mere three months after the court's denial of Defendant's first early termination request. (ECF

No. 44.) On November 30, 2022, the Government filed its response, opposing Defendant's early termination. (ECF No. 45.) For the reasons below, the court finds early termination again unwarranted at this time.

The parties agree that Defendant is eligible for early termination of supervised release under 18 U.S.C. § 3583(e)(1). That statute provides the court with discretion to terminate a criminal defendant's term of supervised release if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether a termination is warranted under § 3583(e)(1), the court must also consider the sentencing factors listed in 18 U.S.C. § 3553(a), including the need for a defendant's sentence "to reflect the seriousness of the offense . . . and to provide just punishment for the offense." *Id.* § 3223(a)(2)(A).

In his motion, Defendant advances several reasons that he believes warrant the early termination of his supervised release. They are as follows: (1) "[m]ore than 50% has passed on supervised release;" (2) "[t]here is only $160,000 for payment on the restitution;" (3) "Defendant has not committed any supervised release violations;" (4) "[t]he gravity of Defendant's crime and the seriousness of Defendant's crime was certainly felt by his incarceration with the Bureau of Prisons and from the term of supervised release;" and (5) "[b]ecause of the lack of violations, payment of the restitution, and an incarceration with the Bureau of Prisons, it is believed that continued supervision will not aid Defendant's rehabilitative efforts as the Defendant has learned his lesson." (ECF No. 44, PageID.272–73.)

In response, while acknowledging that Defendant has been "totally compliant on the most lenient term of supervised release," the Government nonetheless opposes a reduction in his supervised release term, advancing arguments under 18 U.S.C. § 3553(a)(1) and (7). (ECF No. 45, PageID.276.) With respect to Defendant's history and characteristics, 18 U.S.C. § 3553(a)(1), the Government reminds the court that Defendant's crime was a violation of the public trust, and his conspiracy with Compassionate and Visiting Doctors of America put addictive opiates into the public sphere, devastating communities within the Eastern District and in Portsmouth, Ohio. (Id. at PageID.276, 280–81.) With respect to the need to provide restitution, 18 U.S.C. § 3553(a)(7), the Government argues that early termination should not even be considered until Defendant has paid off his outstanding restitution balance of $162,915.67. (Id. at PageID.276–77, 282.) The Government further contends that the threat of re-incarceration is necessary to ensure that Defendant continues his $200.00 per month repayment schedule. (Id.)

After considering Defendant's motion under the standards set forth in 18 U.S.C. § 3583(e)(1), as well as the factors listed in 18 U.S.C. § 3553(a), the court is not persuaded that early termination is appropriate or necessary at this time. First and foremost, the court is troubled by the timing of Defendant's second motion—following his first by only three months—and the lack of new material for the court to consider as a result. Indeed, the only new information Defendant has to offer is his continued compliance with supervision for roughly nine additional months and a marginally reduced restitution obligation from $164,215.27 to approximately $160,000.00. As the court indicated in its prior opinion, "full compliance with the terms of supervised release

is what is expected of a person under the magnifying glass of supervised release and does not [by itself] warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *see also United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). (*See* ECF No. 42, PageID.267.)

With this backdrop, the Government's suggestion that Defendant's motion "amounts to a request for termination because [D]efendant no longer wants to partake in supervised release" is well met. (ECF No. 45, PageID.276.) Though Defendant claims otherwise, his motion presents as a clear indication that he does not understand the gravity of his crimes and their offense to public safety. As a pharmacist, Defendant placed hundreds of thousands of dosage units of addictive prescription drugs into the illegal street market, while enriching himself by defrauding over $1.6 million from Medicare insurance programs. Congress determined that such criminality warrants a minimum supervised release term of three years. 21 U.S.C. § 841(b)(1)(C); *see United States v. Spinelle*, 835 F. Supp. 987, 991 (E.D. Mich. 1993) (Feikens, J.), *aff'd,* 41 F.3d 1056 (6th Cir. 1994). Defendant has provided no information, new or otherwise, to the court justifying a departure from this minimum term.

Moreover, as the court found previously, continued monitoring will aid Defendant's rehabilitative efforts and will not impose any undue hardship on his pursuit of educational or professional aspirations. 18 U.S.C. § 3553(a)(2)(D). And while Defendant's remaining restitution obligation is comparatively minimal to the $1,619,481.67 restitution amount at sentencing, it is notable that the bulk of Defendant's

repayment efforts came from the seizure of Defendant's criminally derived property. (*See* ECF No. 41, PageID.260.) Continued supervision is important to ensure that Defendant satisfies his significant remaining obligation by making consistent monthly payments. 18 U.S.C. § 3553(a)(7). Accordingly,

    IT IS ORDERED that Defendant's second "Motion for Early Termination of Supervised Release" (ECF No. 44) is DENIED WITHOUT PREJUDICE.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: April 6, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2023, by electronic and/or ordinary mail.

                                      s/Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (810) 292-6522

S:\Cleland\Cleland\HEB\Criminal\15-20645.IQBAL.SecondMotionForEarlyTerminationFromSupervisedRelease.EKL.docx